UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:09-cv-00561-B |
| | § | |
| CHUBB & SON, INC., FEDERAL | § | |
| INSURANCE COMPANY, INC., and | § | |
| FACTORY MUTUAL INSURANCE CO., | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Federal Insurance Company's Motion for More Definite Statement and Motion to Dismiss (doc. 5). For the reasons stated below, the Court DENIES Federal's Motion for More Definite Statement and Motion to Dismiss Lexington's unjust enrichment claim but DISMISSES Lexington's unjust enrichment claim *sua sponte*. The Court GRANTS Federal's Motion to Dismiss Lexington's misrepresentation claim.

### I.

### BACKGROUND

Gregory Greenfield & Associates (Greenfield) purchased an insurance policy from Defendants Chubb & Son, Inc. and Federal Insurance Company (collectively, Federal) to insure its Central Mall property allegedly until 12:01 a.m. on April 1, 2008.[1] (Pl. Orig. Pet. ¶ 10.) On March 31, 2008, a hail storm caused severe damage to Central Mall's roof and fixtures. (*Id.*) Several weather and export reports concluded that the hail storm began at 11:45 p.m. (*Id.*) Greenfield

---

[1]Defendant Factory Mutual Insurance Company is no longer a party to this action. (Order of Partial Dismissal 1.)

submitted a claim for its losses, but Federal refused to pay the full amount, asserting that the damage did not occur during the policy period. (*Id.*) Plaintiff Lexington Insurance Company brought suit as assignee of Greenfield. (*Id.* at 1.) Lexington claims that it is entitled to relief for breach of contract, unjust enrichment, and misrepresentation. (*Id.* at ¶¶ 3-4.)

## II.

## MORE DEFINITE STATEMENT

### A. Legal Standard

"'[A] court is granted discretion to determine whether [a] complaint is so vague that the [defendant] . . . cannot frame a responsive pleading.'" *Brown v. Whitecraft*, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). When the complaint is too vague or ambiguous to allow the defendant to frame a response, it may file a motion for a more definite statement. *See* FED. R. CIV. P. 12(e); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). However, courts generally "disfavor" these motions. *Capital One v. Swisher-35 Ltd.*, 2008 WL 4274499, at *2 (citing *Russell v. Grace Presbyterian Village*, 2005 WL 1489579, at * 3 (N.D. Tex. June 22, 2005)). A court should deny a motion for more definite statement "if the information that the defendant requests can be obtained through discovery." *Employers Mut. Cas. Co. v. Bonilla*, 2007 WL 2809905, at *5 (N.D. Tex. Sept. 27, 2007); *see also Brown*, 2008 WL 2066929, at *1.

### B. Analysis

On April 2, 2009, Federal filed its motion for more definite statement seeking an order that Lexington elaborate on the grounds on which it has standing and the right to bring suit as "assignee" of Greenfield. (Defs.' Mot. for More Defin. State. and Mot. to Dismiss 2.) Federal asserts that

Lexington did not describe the claims that Greenfield assigned nor the consideration provided in its Original Petition. (*Id.*) Federal alleges that it cannot discern from the face of the Petition whether it must specifically deny Lexington's status as an "assignee" under Fed. R. Civ. P. 9(a)(2) or move for dismissal for lack of standing. (Defs.' Mot. for More Defin. State. and Mot. to Dismiss 3.) Federal claims that the Court should grant its Motion for More Definite Statement because it cannot plead its response and defenses to Lexington's allegations. (*Id.*)

Lexington responds that its pleading is not so unintelligible that Federal cannot frame a responsive pleading. (Pl. Resp. ¶ 5.) Lexington maintains that the Court should not require it to amend its complaint because its Original Petition gives Federal fair notice of its claims. (*Id.*) Lexington argues that it "clearly laid out" its status as assignee of Greenfield and "clearly laid out" its claims based on that status. (*Id.*) Finally, Lexington asserts that Federal is improperly using its motion for a more definite statement as a substitute for discovery. (*Id.*)

Upon review of Lexington's Original Petition, the Court cannot conclude that the Petition is so vague or ambiguous that Federal cannot frame a responsive pleading. *See Capitol One*, 2008 WL 4274499, at *2. Federal's argument focuses on its purported inability to frame a responsive pleading with regard to Lexington's status as assignee. (Defs.' Mot. for More Defin. State. and Mot. to Dismiss 2.) However, in its Motion for More Definite Statement and Motion to Dismiss, Federal explains that Lexington's suit "arises out of a claim for property damage which may have occurred during one or two different policy periods (under [Lexington's] or Federal's policies) . . . ." (Def.'s Mot. for More Defin. State. and Mot. to Dismiss 1.) This statement indicates that even though Lexington does not elaborate on the grounds on which it has the right to bring suit, there are sufficient factual allegations in its pleading to allow Federal to frame a response. *See Brown*, 2008

WL 2066929, at *4. The Court also notes that the Federal Rules of Civil Procedure do not require Federal to "allege [its] capacity to sue" in the Original Petition. *See* FED. R. CIV. P. 9(a)(1)(A); *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994). Furthermore, if Federal wishes to obtain more information about the assignment between Lexington and Greenfield to assist it in determining Lexington's capacity to sue, Federal may obtain the information through discovery. *See* FED. R. CIV. P. 26(a)(1)(A). The Court will not allow Federal to use its motion as a substitute for discovery. S*ee Brown*, 2008 WL 2066929, at * 1; *Employers Mut. Cas. Co.*, 2007 WL 2809905, at *5. Accordingly, the Court DENIES Federal's Motion for More Definite Statement. S*ee id.*

### III.

### MOTION TO DISMISS

Federal has also filed a Motion to Dismiss seeking the dismissal of Lexington's unjust enrichment and misrepresentation claims. (Defs.' Mot. for More Defin. State. and Mot. to Dismiss 5-6.)

**A. Motion to Dismiss Legal Standard**

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has interpreted Rule 8(a)(2) as a requirement that pleadings have "facial plausibility." *Ashcroft v. Iqbal*, 2009 WL 1361536, at *12 (U.S. May, 18, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 2009 WL 1361536, at * 12 (citing *Twombly*, 550 U.S. at 556). If a pleading fails to establish facial plausibility, a defendant may file a Rule 12(b)(6) motion to dismiss the claim. *See* FED. R. CIV. P. 12(b)(6); *id.* at *1.

When a federal court analyzes a motion to dismiss, it should limit its analysis to the pleading itself and any documents attached to the defendant's motion to dismiss that the pleading refers to and are central to the pleading's theme. *See S.E.C. v. Reynolds*, 2009 WL 1065403, at *4 (N.D. Tex. Apr. 17, 2009) (Boyle, J.). The court "accept[s] all well-pleaded facts as true, 'viewing them in the light most favorable to the plaintiff.'" *Id.* (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The facts must demonstrate that the plaintiff "is entitled to offer evidence to support his claim." *Id.* (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).

A district court may dismiss a complaint *sua sponte* for failure to state a claim upon which it can grant relief. *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007). The court may dismiss the complaint "'as long as the procedure employed is fair.'" *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Generally, "'fairness . . . requires both notice of the court's intention and an opportunity to respond.'" *Id.* at 643 (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). However, if a plaintiff has alleged his "best case," fairness does not require notice prior to dismissal. *Id.*

## B. Unjust Enrichment Claim

### i. *Legal Standard*

Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Under Texas law, a claim for unjust enrichment lies when one has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *First Union Nat'l Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App.–Dallas 2005, no pet.). "Generally, when a valid, express contract

covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory because parties should be bound by their express agreements." *Id.* (citing *Fortune*, 52 S.W.3d at 683).

### ii. *Analysis*

In its Original Petition, Lexington asserts that Federal is liable for unjust enrichment because Federal "knew that Greenfield was paying for coverage to the property until 12:01 a.m. . . . [but] [Federal] refused to tender payment for Greenfield's claim." (Pl. Orig. Pet. ¶ 12.) Federal filed a motion to dismiss Lexington's claim of unjust enrichment, asserting that Lexington's claim of unjust enrichment does not state a claim upon which relief can be granted because a "dispute between carriers over the allocation of coverage does not give rise to an 'unjust enrichment' claim." (Defs.' Mot. for More Def. State, and Mot. to Dismiss 4-5.) Federal argues that if there is such a dispute, the proper claim is breach of contract. (*Id.*) However, the Court notes that while Federal cites case law generally describing an unjust enrichment claim under Texas law, it provides no legal authority in support of its argument that the Court must dismiss the unjust enrichment claim. (*Id.*) In its Response, Lexington did not address Federal's motion to dismiss the unjust enrichment claim. (Pl. Resp. *passim*.)

Upon review of Federal's brief supporting its motion to dismiss, the Court finds that Federal's brief does not cite law or legal authority to support its asserted grounds for dismissal. (Defs.' Mot. for More Def. Statement. and Mot. to Dismiss 5.) The Court finds no grounds for dismissal based on the unsupported arguments made by Federal in its Motion. Therefore, the Court DENIES Lexington's Motion to Dismiss the unjust enrichment claim  Nonetheless, the Court notes that it can dismiss Lexington's unjust enrichment claim *sua sponte*.

Under Texas law, Lexington is not entitled to relief on an unjust enrichment claim when the subject of the dispute is covered by a valid express contract. *See First Union Nat'l Bank*, 168 S.W.3d at 931. Lexington alleges unjust enrichment to recover damages caused by Federal's refusal to pay the full amount of Greenfield's claim under the insurance policy. (Pl. Orig. Pet. ¶ 12.) The parties do not dispute the fact that there was a valid insurance policy between Federal and Greenfield. (Defs.' Mot. for More Def. State. and Mot. to Dismiss. 1.) Federal made partial payment of Greenfield's claim for damage under the insurance policy, and Lexington, as assignee of Greenfield, alleges breach of contract as an additional claim. (Pl. Orig. Pet. ¶ 10-11.) As a matter of law, the Court cannot grant Lexington relief for its unjust enrichment claim because the dispute is governed by the contract. *See First Union Nat'l Bank*, 168 S.W.3d at 931.

In light of its factual assertion that a valid insurance policy exists between Greenfield and Federal, the Court may dismiss Lexington's claim of unjust enrichment *sua sponte*. *See Lozano*, 489 F.3d at 642. The Court's *sua sponte* dismissal of the claim does not offend notions of fairness because Lexington cannot amend its pleading to state a "better claim" of unjust enrichment. *See Lozano*, 489 F.3d at 642. Lexington cannot state a claim of unjust enrichment that entitles it to relief with respect to Federal's refusal to pay under the insurance policy because the dispute is in regard to a valid express contract and does not invoke this quasi-contractual claim. *See First Union Nat'l Bank*, 168 S.W.3d at 931. Thus, the Court need not provide Lexington notice of its *sua sponte* dismissal or an opportunity to respond. *See id.* Accordingly, the Court dismisses Lexington's unjust enrichment claim. *See Lozano*, 489 at 642.

**D. Misrepresentation Claim**

    **i.** *Legal Standard*

Under Texas law, common-law fraud and misrepresentation are the same cause of action. *See Snyder Commc'ns, L.P. v. Magana*, 142 S.W.3d 295, 298 (Tex. 2004). A cause of action for fraud "requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47-48 (internal quotations omitted). "Proof that a party relied to its detriment on an alleged misrepresentation is an essential element of a fraud claim." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). If a defendant induces a plaintiff into a contract by using false representations, the plaintiff may claim fraud or fraudulent inducement. *See Formosa Plastics Corp.*, 960 S.W.2d at 46.

"Rule 9(b) [of the Federal Rules of Civil Procedure] provides, in pertinent part, that, '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Reynolds*, 2009 WL 1065403, at *4. The extent to which a court requires a party to plead fraud or mistake with particularity depends on the case itself. *Id.* The Fifth Circuit requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although Rule 9(b) heightens the pleading standard, the requirements of particularity do not "procure punctilious pleading detail." *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990). "Rule 9(b) should be 'read in conjunction with [Rule] 8, which requires only a short and plain statement of the claims showing that the pleader is entitled to relief." *Reynolds*, 2009 WL 1065403, at *5 (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)).

Under Texas law, the "independent injury doctrine" distinguishes contract and tort causes of action. *Formosa Plastics*, 960 S.W.2d at 45.

> If the defendant's conduct . . . would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct . . . would give rise only to liability because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.

*Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

The Texas Supreme Court has rejected the application of the independent injury doctrine "to preclude tort damages in fraud cases." *Formosa Plastics*, 960 S.W.2d at 46. The Texas Supreme Court has "well established that the legal duty not to fraudulently procure a contract . . . is separate and independent from the duties established by the contract itself." *Id.* The Texas Supreme Court has also recognized "that a fraud claim can be based on a promise made with no intention of performing, irrespective of whether the promise is later subsumed within a contract." *Id.* "[T]ort damages are not precluded simply because a fraudulent representation causes only an economic loss." *Id.* at 47.

**ii.** *Analysis*

In its Original Petition, under a paragraph entitled "misrepresentation," Lexington alleged that: (1) Federal misrepresented to Greenfield that it would provide coverage for Central Mall until 12:01 a.m. on April 1, 2008; (2) Federal made this representation to collect premiums; (3) Greenfield relied on the representation; (4) Federal refused to pay all of Greenfield's claim; and (5) Greenfield suffered a loss because of Federal's refusal to pay. (Pl. Orig. Pet. ¶ 13.)

Federal has filed a Motion to Dismiss Lexington's claim of misrepresentation. (Defs. Mot.

for More Defin. State. and Mot. to Dismiss 5-7.) Federal asserts that Lexington's claim fails as a matter of law because Lexington did not plead the essential elements of misrepresentation. (*Id.* at 6.) Furthermore, Federal asserts that the Court should dismiss the claim because Lexington has failed to satisfy its burden to plead fraud with particularity. (Defs.' Reply 3.) Federal also asserts that Lexington may not recover damages for its fraudulent misrepresentation claim because Lexington has not identified "any injury independent of any alleged breach of the insurance contract or damages that are different from any damages that could be recovered under a breach of contract claim." (Defs. Mot. for More Defin. State. and Mot. to Dismiss at 6-7.)

In its Response, Lexington asserts that the Court should not dismiss its claim for misrepresentation because Lexington satisfied the pleading requirements in its Original Petition. (Pl.'s Resp. ¶ 9.) Lexington also clarifies that its cause of action for "misrepresentation" is also known as "fraudulent misrepresentation" or "fraud." (*Id.* at ¶ 6.)

The Court notes initially that Federal's argument that the independent injury doctrine precludes Lexington's recovery on a misrepresentation claim carries no weight. *See Formosa Plastics*, 960 S.W.2d at 47. If, as Lexington alleges, Federal made misrepresentations that it would provide coverage and made such representations for the purpose of collecting premiums, these representations and accompanying damages are discrete from the damages that Lexington could recover under a breach of contract claim. *See id.* Therefore, the Court will not dismiss the misrepresentation claim on the grounds of the independent injury doctrine. *See id.*

Nonetheless, the Court is not convinced that Lexington has satisfied the heightened pleading standard for misrepresentation claims by alleging that Federal misrepresented the dates of its insurance coverage to collect Greenfield's premiums and that Federal relied on that representation.

*See Plotkin*, 407 F.3d at 696.

In its Original Petition, Lexington does not assert when and where Federal made its allegedly false representations. (Pl. Orig. Pet. ¶ 13.) Thus, Lexington has failed to plead fraud with particularity and the misrepresentation claim is subject to dismissal. *See Reynolds*, 2009 WL 1065403, at *4; *Plotkin*, 407 F.3d at 696. For this reason, the Court GRANTS Federal's Motion to Dismiss the misrepresentation claim. *See Reynolds*, 2009 WL 1065403, at *4; *Plotkin*, 407 F.3d at 696.

### iii. *Leave to Amend*

A court may dismiss a claim that fails to meet the specific pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). "Thus, a plaintiff will be given the opportunity to amend a complaint where it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is based." *Patel v. Pacific Life Ins. Co.*, 2009 WL 1456526, at *28 n.16 (N.D. Tex. May 22, 2009) (Boyle, J.). In light of the curable defect of failing to plead fraud with particularity in its Original Petition, the Court gives Lexington leave to file an amended pleading. *See Plotkin*, 407 F.3d at 696; *Patel*, 2009 WL 1456526, at *28 n.16.

## V.

## CONCLUSION

Accordingly, the Court **DENIES** Federal's Motion for More Definite Statement and **DENIES** Federal's Motion to Dismiss Lexington's unjust enrichment claim but **DISMISSES** the unjust enrichment claim *sua sponte*. The Court **GRANTS** Federal's Motion to Dismiss Lexington's

-11-

misrepresentation claim , but gives Lexington **leave to file an amended pleading** curing the deficiencies **within ten (10) days of this Order**.

SO ORDERED.

Dated: July 6, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE